UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LOUIS SINDONE,

    Petitioner,     Case No. 2:21-11570
                              Honorable Linda V. Parker

v.

MELINDA BRAMAN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL [ECF NO. 11] AND FINDING MOOT THE MOTION FOR AN EXTENSION OF TIME [ECF NO. 12] TO FILE A REPLY BRIEF TO THE RESPONDENT'S ANSWER**

Petitioner Christopher L. Sindone has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court are Petitioner's motion for the appointment of counsel (ECF No. 11) and a letter from Petitioner in which he requests an extension of time to file a reply brief (ECF No. 12). However, on March 17, 2022, Petitioner filed a reply brief to Respondent's Answer. (ECF No. 13.)

        **I.**    **Motion for the Appointment of Counsel**

A habeas petitioner does not have a fundamental constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). If the petitioner is proceeding in forma pauperis and the interests of justice so require, a federal court

1

has the discretion to appoint counsel for any petitioner seeking habeas relief. *See* 28 U.S.C. § 2255(g); *see also* 18 U.S.C. § 3006A(a)(2)(B). In exercising its discretion, the court should consider the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

"Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) (citing *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998)). Courts have found exceptional circumstances where "a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare or present the claim." *Id.* (citing *Johnson*, 20 F. Supp. 2d at 1129; *see also, e.g., Dickens v. Chapman*, No. 17-12243, 2018 WL 2009553, at *2 (E.D. Mich. April 30, 2018) (quoting *Lemeshko*)). However, the appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required." *Lemeshko*, 325 F. Supp. 2d at 787 (citing *Swazo v. Wyoming Dep't of Corrections*, 23 F.3d 332, 333 (10th Cir.1994)).

Petitioner filed a petition for a writ of habeas corpus, which raises four claims for relief. In his motion to appoint counsel, Petitioner argues that he has limited access to the law library due to the Covid-19 Pandemic and therefore needs the assistance of counsel. (ECF No. 11.) Petitioner has sufficiently articulated the

factual and legal basis for his claims, however. His various filings, including his reply brief to Respondent's Answer, demonstrate that he has the ability to advocate on his own behalf. As such, Petitioner has the means and ability to present his claims to the Court. Furthermore, until this Court reviews the pleadings filed by Petitioner and Respondent and the Rule 5 materials, the Court cannot determine whether an evidentiary hearing is necessary. The interests of justice at this point in time do not require the appointment of counsel. *See* 28 U.S.C. § 2255(g); *see also* 18 U.S.C. § 3006A(a)(2)(B). Accordingly, the Court denies the motion for appointment of counsel without prejudice. The Court will reconsider Petitioner's motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

## II. Request for an Extension of Time

Although Petitioner already filed a reply, the Court finds that an extension of time would have been appropriate but that the request is now moot. Petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes*, No. 04-74293; 2005 WL 1838443, *4 (E.D. Mich. Aug. 1, 2005) (citing Rule 5(e) of the Rules Governing § 2254 Cases; 28 U.S.C. foll. § 2254.) A court does not need to grant a habeas petitioner an extension of time to file a reply brief unless it would "assist the Court in a fair disposition of the matter." *Cf. Williams v. White*, 183 F. Supp. 2d 969, 979 (E.D.

3

Mich. 2002) (holding that a reply brief would not assist the Court and that Petitioner had ample time to file a reply brief.)) This Court believes that it will benefit from Petitioner's reply brief. However, since the Petitioner had already filed a reply, the Court finds the request moot.

**IT IS ORDERED** that the motion for appointment of counsel (ECF No. 11) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for enlargement of time (ECF No. 12) is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: May 20, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 20, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>Case Manager