UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LOUIS SINDONE,

      Petitioner,

                                  Civil Case No. 21-11570
                                  Honorable Linda V. Parker

v.

MELINDA BRAMAN,

      Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Christopher Louis Sindone ("Petitioner"), an individual confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his pro se application, Petitioner challenges his conviction for second-degree arson pursuant to Mich. Comp. Laws § 750.73(1), and preparation to burn a building pursuant to Mich. Comp. Laws § 750.79(1)(d)(vi).  Petitioner currently has an appeal pending in the Michigan Court of Appeals following his re-sentencing in the state trial court.  For the reasons that follow, the Court is denying the habeas petition, denying a certificate of appealability, and granting leave to appeal *in forma pauperis*.

# I. Background

Petitioner was convicted following a bench trial in the Wayne County Circuit Court. The trial court sentenced petitioner, as a third habitual offender, Mich. Comp. Laws § 769.11, to 12 to 40 years' imprisonment for second-degree arson and 5 to 10 years' imprisonment for preparation to burn a dwelling. The Michigan Court of Appeals affirmed the conviction but remanded the case to the trial court for re-sentencing. *See People v. Sindone*, No. 340328, 2019 WL 1574747 (Mich. Ct. App. Apr. 11, 2019); *lv. den.* 507 Mich. 851, 952 N.W.2d 491 (2021). On remand, petitioner was re-sentenced to 11 to 40 years' imprisonment for his second-degree arson conviction and 4 to 10 years' for his preparation to burn a building conviction.

Petitioner filed an appeal from the re-sentencing, which remains pending in the Michigan Court of Appeals. Neither party has filed a brief in the matter. Petitioner's counsel was given a second extension of time to file his appellate brief on February 7, 2022.[1] Petitioner seeks a writ of habeas corpus on four grounds. Respondent has filed an answer. (ECF No. 9.) As part of the answer, respondent argues that petitioner's fourth claim challenging the scoring of his sentencing

---

[1] *See* https://www.courts.michigan.gov/c/courts/coa/case/357543. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

2

guidelines is unexhausted.  Petitioner in his reply brief offered to withdraw this claim.  He acknowledges, however, the pendency of his re-sentencing appeal in the Michigan Court of Appeals.

## II.  Discussion

Petitioner's re-sentencing appeal is pending in the Michigan Court of Appeals.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995).  A federal court cannot consider granting habeas relief "if there still is a potential state remedy for the state courts to consider."  *Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009).  It is true that petitioner has already exhausted the first three claims that he currently raises in his petition.  Petitioner also offered to withdraw his fourth claim, which he admits he is attempting to exhaust in his re-sentencing appeal.  The petition must be dismissed on exhaustion grounds, notwithstanding the fact that petitioner's first three claims are exhausted and petitioner has moved to delete his fourth claim.

When an appeal of a state criminal conviction is pending in the state courts, as is the case here, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."

*Brown v. Michigan*, No. CIV. 2:09-CV-12364, 2009 WL 1883917, at *2 (E.D.

Mich. June 30, 2009) (quoting *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir.

1983)).  The rationale behind this rule is that even if the federal constitutional

question raised by a habeas corpus petitioner cannot be resolved by the state courts

in a pending state appeal, that appeal may result in the reversal of the petitioner's

conviction on some other ground, thereby mooting any federal question.  *See id.*;

*see also Woods v. Gilmore,* 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Garrett v.*

*Larson,* 2:13–CV–11339; 2013 WL 1681258, *2 (E.D. Mich. Apr. 17, 2013);

*Szymanski v. Martin,* No. 99-CV-76196-DT; 2000 WL 654916, *2 (E.D. Mich.

Apr. 13, 2000).

    Although a district court has the discretion to stay a mixed habeas petition

containing both exhausted and unexhausted claims to allow the petitioner to

present his unexhausted claims to the state court in the first instance, *See Rhines v.*

*Weber,* 544 U.S. 269 (2005), in this case, a stay of the petitioner's application for a

writ of habeas corpus would be unnecessary, because the present habeas petition

was filed with this Court before the petitioner's conviction became final with the

state courts pursuant to 28 U.S.C. § 2244(d)(1)(A).  Although the Michigan

appellate courts affirmed petitioner's conviction, the Michigan Court of Appeals

remanded the case to the Wayne County Circuit Court for re-sentencing.  Petitioner

was re-sentenced by the trial court and now has an appeal from that re-sentencing

pending in the Michigan Court of Appeals.  Where state appellate courts affirm a habeas petitioner's conviction but reverse his sentence, the judgment against the petitioner becomes final, for commencing the one-year period for filing a habeas petition, when direct review of the new sentence is completed.  *See Rashad v. Lafler,* 675 F.3d 564, 567-69 (6th Cir. 2012).  Because petitioner's appeal from his re-sentencing is still pending, the one year limitations period has yet to commence. Further, because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal.  As such, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims.  *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001); *see also Dudley v. Warden, Marion Corr. Inst.,* 886 F. Supp. 2d 762, 764 (S.D. Ohio 2012) (declining to hold habeas petition in abeyance during the pendency of the petitioner's state court direct appeal, since the limitations period on the petitioner's habeas claims, even those not concerning his re-sentencing, would not commence until the conclusion of his direct appeal in state court).

## III.  Conclusion

The Court will dismiss the petition for a writ of habeas corpus without prejudice.  The Court will also deny petitioner a certificate of appealability.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. A state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 must obtain a certificate of appealability to bring an appeal from an order denying habeas relief. *See Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010). Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th 1997).

To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that the petitioner had failed to exhaust an available state court remedy with respect to his claims.  *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).  However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal.  *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to proceed *in forma pauperis* on appeal is **GRANTED**.

**SO ORDERED.**

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: April 4, 2023

8